UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PEAK PROPERTY AND CASUALTY
INSURANCE CORPORATION,

    Plaintiff,

v.                                           Case No: 5:21-cv-596-GAP-PRL

BRANDT ALLI, MOHAMED ZAINUL
HANIFF and VERNA MAE
WAISOME,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter is before the court on Plaintiff's motion for default judgment as to Defendants Brandt Alli, Mohamed Zainul Haniff, and Verna Mae Waisome. (Doc. 27). For the reasons discussed below, the motion should be granted.

### I.     BACKGROUND

This is a declaratory judgment action brought by Plaintiff, Peak Property and Casualty Insurance Corporation ("Peak Property"), against Defendants Brandt Alli, Mohamed Zainul Haniff, and Verna Mae Waisome seeking a declaration on whether insurance benefits are afforded for an accident that occurred on March 19, 2021. (Doc. 1). Each of the defendants have been properly served (Docs. 8, 10, 23) and each have failed to file an answer to the

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

complaint. On March 7, 2022, the Clerk entered default against Alli and Haniff. (Docs. 17, 18). On April 15, 2022, the Clerk entered default against Waisome. (Doc. 26).

The complaint alleges that on March 19, 2021, Defendant Haniff was driving a 2016 Toyota Corolla owned by Defendant Alli. (Doc. 1 ¶ 10, 13). Defendants Alli and Waisome were passengers in the Toyota Corolla. (Doc. 1 ¶ 11). Haniff lost control of the vehicle and crashed into a culvert. (Doc. 1 ¶ 10). The defendants sustained bodily injuries and may have sustained property damage. (Doc. 1 ¶ 12).

On November 8, 2019, Alli obtained a Named Non-Owner policy from Peak Property. (Doc. 1 ¶ 16). Alli renewed the policy for consecutive six-month terms, with the last renewal occurring on November 8, 2020 to May 8, 2021. (Doc. 1 ¶ 18). The Toyota Corolla was covered by non-party Progressive Select, where Alli's wife, non-party Serena Alli, was the named insured. (Doc. 1 ¶ 24).

Peak Property requests the court declare: (1) there is no liability coverage under the Peak Property insurance policy available for liability claims resulting from the March 19, 2021 accident and, thus, no liability coverage benefits are owed by Peak Property and Casualty Insurance Corporation under the Policy to Brandt Alli, Mohamed Zainul Haniff, or Verna Mae Waisome; (2) that Peak Property has no duty to indemnify or defend Brandt Alli or Mohamed Zainul Haniff against liability claims connected to the accident; and (3) that there is no personal injury protection coverage afforded by the Peak Property policy to Defendants Brandt Alli, Mohamed Zainul Haniff, or Verna Mae Waisome.

II. DISCUSSION

Under Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed.

R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.*

A default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" itself in a lawsuit. Fed. R. Civ. P. 55(a). The three defendants in this case have failed to participate in this case, despite being properly served by the complaint. (Docs. 8, 10, 23). Clerk's default has been properly entered against each of the defendants. (Docs.17, 18, 26).

"The Declaratory Judgment Act is designed 'to settle 'actual controversies' before they ripen into violations of law or a breach of some contractual duty.'" *Mt. Hawley Ins. Co. v. Smith Nissan Inc.,* No. 617CV1260ORL41KRS, 2018 WL 3827681, at *2 (M.D. Fla. Mar. 13, 2018) (quoting *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949)).

Under Florida law, the interpretation of an insurance contract is a matter of law to be decided by the court. *Gas Kwick, Inc. v. United Pac. Inc. Co.*, 58 F.3d 1536, 1539 (11th Cir. 1995). "Insurance contracts are to be construed in a manner that is reasonable, practical, sensible, and just. . . . Terms used in a policy are given their plain and ordinary meaning and read in the light of the skill and experience of ordinary people. Provisions that exclude or limit liability of an insurer are construed more strictly than provisions that provide coverage."

*United States Fire Ins. Co. v. Freedom Village of Sun City Ctr.*, 279 F. App'x 879, 880–881 (11th Cir. 2008) (internal citations omitted).

It is undisputed that at the time of the accident, Defendant Alli had a named non-owner automobile policy with Peak Property. (Doc. 1 ¶ 14).

The liability coverage insuring agreement in the policy at issue provides:

> **We** will pay damages for which **you** are legally liable because of **bodily injury** and/or **property damage** caused by a **car accident** arising out of the use of **your insured car.** **We** will settle any claim or defend any lawsuit which is payable under the policy as we deem appropriate. We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this policy.

(Doc. 1-2, p.4)

The named non-owner endorsement amends the policy's definitions of "you," "your," "your insured car," and "non-owned car" as follows:

> (2) "**You**" and "**your**" means only the person shown as the Named Insured on your Declarations page.
> (9) "**Your insured car**" means:
> > (A) A **non-owned car** which **you** are using with the consent of the owner; or
> > (B) Any **car you** acquire ownership of during the policy period. However, for coverage to apply under this policy, **you** must ask **us** for coverage within 14 days of its acquisition, and **we** must agree to provide it. Car Damage coverage will apply to the newly acquired **car** only if **you** ask **us** to provide it and **we** agree to do so. **You** must pay any additional premium charges for coverage for the newly acquired car.
> (17) "**Non-owned car**" means a **car** not owned or leased by **you**. However, a **car** does not qualify as a **non-owned** car if:
> > (A) The **car** is owned or leased by a **relative** or another person residing in **your** household; or
> > (B) The **car** is available for **your** regular use.

(Doc. 1-2, p. 4).

The exclusions portion of the policy excludes Peak Property's duty to defend from:

> (9) **Bodily injury** or **property damage** arising out of the ownership, upkeep, or use of any vehicle other than **your insured car**. This exclusion applies only if the vehicle is owned by, or furnished or available for regular use by **you** or a **relative**.

(Doc. 1-2, p. 12).

Alli executed an agreement on November 8, 2019 acknowledging that "the only person afforded the benefit of Liability coverage under the Named Non-Owner policy is the Named Insured as listed on the Declarations Page" and "no coverage is afforded to [him] under this policy if [he] is using a vehicle [he] own[s] or as described per this policy's Named Non-Owner endorsement." (Doc. 1 ¶ 17, 1-3).

It is undisputed that Alli owned the Toyota Corolla involved in the accident, and that the Toyota Corolla was available for Alli's regular use. (Doc. 1 ¶¶ 13, 26). It is also undisputed that Alli did not newly acquire the Toyota Corolla during the policy term or ask for coverage during the policy term. (Doc. 1 ¶ 27). Therefore, the Toyota Corolla did not meet the definition of "your insured car" under the policy and no liability coverage is available to Alli for the March 19, 2021 accident. (Doc. 1-2, p. 4). Peak Property does not have a contractual duty under the policy to indemnify or defend Alli as the accident vehicle owner against any claims by Haniff or Waisome related to the accident.

Additionally, it is undisputed that Alli is the only Named Insured on the policy, and Haniff was not a Named Insured person under the policy. (Doc. 1 ¶ 29). Peak Property does not have a contractual duty under the policy to indemnify or defend Haniff against claims by Waisome or Alli related to Haniff's operation of the Toyota Corolla.

It is also undisputed that the policy at issue is a named non-owners policy, known as an operator's policy, and there is no agreement within it to provide personal injury protection benefits. (Doc. 1 ¶ 28, 31, 33). An operator's policy is authorized under Florida's financial

responsibility requirements. Fla. Stat § 324.151(1)(b); *Peak Prop. & Cas. Ins. Corp. v. Ensslin*, No. 8:12-CV-2739-T-17TBM, 2014 WL 2124270, at *13 (M.D. Fla. May 21, 2014). Therefore, no personal injury protection benefits are owed to the defendants under the policy.

Taking all well-pleaded allegations in the complaint as true, no liability or personal injury protection coverage existed under the policy for the March 19, 2021 accident.

### III. RECOMMENDATION

Accordingly, Peak Property's motion for default judgment against Defendants Alli, Haniff, and Waisome (Doc. 27) should be granted. The earlier motion for default judgment initially filed only as to Defendants Alli and Haniff (Doc. 24) is due to be denied as moot.

I recommend that the Court declare that: (1) there is no liability coverage under the Peak Property insurance policy available for liability claims resulting from the March 19, 2021 accident and, thus, no liability coverage benefits are owed by Peak Property and Casualty Insurance Corporation under the Policy to Brandt Alli, Mohamed Zainul Haniff, or Verna Mae Waisome; (2) that Peak Property has no duty to indemnify or defend Brandt Alli or Mohamed Zainul Haniff against liability claims connected to the accident; and (3) that there is no personal injury protection coverage afforded by the Peak Property policy to Defendants Brandt Alli, Mohamed Zainul Haniff, or Verna Mae Waisome.

**DONE** and **ORDERED** in Ocala, Florida on May 25, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties